## Unangst *versus* Fitler.

One who signs a note or bond with a married woman, whether as principal or surety, is the only party bound, and his being a surety makes no difference in the liability.

March 15th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.

Error to the Court of Common Pleas of *Schuylkill county :* Of January Term 1877, No. 139.

Samuel Fitler entered judgment by virtue of the authority contained in the following note :—

" $550.00.                         North Manheim, Feb. 27, '73.

Six months after date I promise to pay the order of Samuel Fitler five hundred and fifty dollars with interest from date without defalcation for value received I do hereby agree that all our estate and effects without exception or exemption shall be subject to levy and sale in execution thereby to an amount sufficient to satisfy said judgment hereby waiving and relinquishing all benefit of any laws exempting such estate and effects or any part thereof from such levy and sale we do hereby confess judgment for the same with release of errors.

S. WESSNER, Agent for
SARAH WESSNER,
H. M. UNANGST."

Upon application of Unangst a rule was granted by the court to show cause why this judgment should not·be opened to let Unangst into a defence, and stricken off as to Sarah Wessner. It appeared by the deposition taken under this rule that Sarah Wessner was the wife of S. Wessner, who acted as her agent, and that Unangst was only surety. The court struck off the judgment as to Sarah Wessner but discharged the rule as to Unangst. A motion was then made to strike it off as to him, which was refused, and this refusal was the error here assigned.

[Unangst *v*. Fitler.]

*W. F. Shepherd*, for plaintiff in error.—The release of the principal discharged the surety. In a joint action the plaintiff must succeed against all the defendants or none: O'Neal *v*. O'Neal, 4 W. & S. 131; Schoneman *v*. Fegley, 7 Barr 433; 1 Phillips on Ev. 507; Weall *v*. King, 12 East 452; Lopes *v*. DeTastet, 1 B. & B. 538; Loew *v*. Stocker, 11 P. F. Smith 347; and the rule is the same in the case of two joint debtors in a judgment: Burson *v*. Kincaid, 3 P. & W. 57; Milliken *v*. Brown, 1 Rawle 391, 398; and especially is it held in the case of principal and surety in judgment; if principal is released the surety is also released: Mortland *v*. Himes, 8 Barr 265. The reason for this doctrine is found in the fact that the effect of the discharge of the principal is to increase the responsibility of the surety. This the court will not permit.

*J. W. Roseberry*, for defendant in error.—A release is defined to be " a contract whereby a man gives or discharges a right of action which he has or may claim against another, or that which is his." But there is no evidence of such a contract, nor is there a particle of evidence tending to show in the remotest degree, anything by word or deed that could be construed into a release, or intention to release, either of the debtors.

The argument therefore that a release of the principal discharges the surety falls, founded as it is on premises which have no existence.

The judgment of the Supreme Court was entered, March 26th 1877,

PER CURIAM.—When one goes upon a note or bond with a married woman, whether as a principal or a surety, he is the only party bound. When Mrs. Wessner's name was stricken out of the judgment, which was irregularly confessed against her, Unangst stood where he was before and at the time of the execution of the single bill, and his being a surety made no difference in his liability. We perceive no error in striking out her name.

Judgment affirmed.